IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Martin Samaan, | Civil Action No.: 3:23-cv-00878 |
| Petitioner, | |
| vs. | |
| Daria Samaan, | |
| Respondent. | |

## Consent Preliminary Injunction

This matter comes before the Court on the Consent Motion for (1) Preliminary Injunction, and (2) to Continue Hearing (ECF No. 12) filed by Martin Samaan ("Father") and Daria Samaan ("Mother") on December 29, 2023. For the reasons set forth below, the court **GRANTS** the motion, **ENJOINS** Mother by this Preliminary Injunction, and **CONTINUES** the hearing scheduled for January 3, 2024.

## Background[1]

This matter arises from Father's Petition under the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§9001–11. Father's Verified Petition and Motion for a Temporary Restraining Order made the following allegations: Father and Mother are the parents of K.S; The Child was born in 2021 in Kharkiv Oblast, Ukraine, and was

---

[1] Mother concedes that Father's Petition and his TRO Motion, taken as true, are sufficient to establish the necessary preliminary injunction standard. For the reasons set forth in the Court's Temporary Restraining Order (ECF No. 8), the Court independently agrees. The Court's entry of this Preliminary Injunction, however, is without prejudice to Mother's rights to challenge the findings and conclusions at the hearing on the merits of Father's Verified Petition.

4882-5848-7962 v.1 033999/03889, 9:48 AM, 01/02/2024

habitually resident in Germany until his wrongful removal by Mother;  In August 2023, through

Germany's Social Services, Mother and Father agreed to a visitation agreement protecting

Father's rights, and Father was actually exercising his rights of custody under German law up

until the Child's wrongful removal to the United States on or about August 18, 2023;  Father did

not consent to or acquiesce to the Child being removed from Germany to this jurisdiction.  The

Court granted Father's Motion for TRO *ex parte*. Mother retained legal counsel on or about

December 29, 2023, and her time for filing responsive pleadings has not yet expired.

## Standard

A party may move for a preliminary injunction under Federal Rule of Civil Procedure 65.

A temporary restraining order may be converted into a preliminary injunction under the same

standard as a temporary restraining order, which requires a showing by the plaintiff:

(1)  That he is likely to succeed on the merits,

(2)  That he is likely to suffer irreparable harm in the absence of preliminary

relief,

(3)  that the balance of equities tips in his favor, and

(4)  that an injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  A plaintiff seeking injunctive

relief must show that all four of the *Winter* factors support granting relief.  *See id*.

## Discussion

The Hague Convention is intended "to protect children internationally from the harmful

effects of their wrongful removal or retention and to establish procedures to ensure their prompt

return to the State of their habitual residence."  *Maxwell v. Maxwell*, 588 F.3d 245, 250 (4th Cir.

2009).  The Hague Convention seeks to preserve the *status quo*—the return of children to their

4882-5848-7962 v.1 033999/03889, 9:48 AM, 01/02/2024

home countries for further proceedings. *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001). Thus, it is not the underlying custody case at issue under the Hague Convention, but whether the treaty requires a child to be returned home for any custody proceedings. *Id.* at 398. The Convention's core premise is that the interests of children in matters relating to their custody are best served when custody decisions are made in the child's country of habitual residence. *See Golan v. Saada*, 142 S. Ct. 1880, 1888 (Jun. 15, 2022) (internal quotations omitted).

The Court remains convinced based on the record before it, independent of Mother's consent, that a preliminary injunction is proper here for the reasons set forth in its Temporary Restraining Order. The Preliminary Injunction is appropriate to preserve the *status quo*, avoid irreparable harm, and allow the parties to litigate this matter on the merits. Furthermore, the Court is advised that the parties are engaging in good faith efforts to reach a final resolution, and to avoid unnecessary and costly litigation over whether a preliminary injunction should be entered, they have agreed to the entry of this Consent Preliminary Injunction. In exercising its discretion, the Court concludes that a bond is not required for the Preliminary Injunction to be issued. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013). The parties waive the entry of findings of fact and conclusions of law for the purpose of this Consent Order pursuant to Federal Rule of Civil Procedure 52, except as specifically set forth herein.

Therefore, the Court **ORDERS**:

1.      Respondent Daria Samaan, or any others acting on her behalf or at her direction shall not remove the Child from the State of North Carolina pending the resolution of these proceedings.

4882-5848-7962 v.1 033999/03889, 9:48 AM, 01/02/2024

2.     Respondent Daria Samaan shall provide a copy of this Order to any family members or other caretakers for the Child before placing the child in their care.  Those family members may also not remove the Child from the State of North Carolina pending resolution of this matter on the merits.

3.     **FAILURE OF RESPONDENT DARIA SAMAAN OR THOSE ACTING AT HER DIRECTION TO COMPLY WITH THIS ORDER WILL RESULT IN CIVIL AND/OR CRIMINAL CONTEMPT PROCEEDINGS**.  *See* 18 U.S.C. § 401 (providing that a federal court "shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command").

4.     Respondent Daria Samaan must surrender any and all of her passports and travel documents for herself and the Child to her counsel to hold in trust within seven days of this order.  Her counsel must not relinquish those travel documents to any other party or individual absent further order from this Court.

5.     The parties are excused from appearing at the hearing on January 3, 2024.  Instead, they are ordered to confer about a potential resolution of this case or the narrowing of the issues for trial.  They are **ORDERED** to file a status report with the Court on or before January 10, 2024, about (1) whether the negotiations were successful and, if not, (2) what factual, logistical, and procedural stipulations they may wish to present to the Court for its consideration so as to narrow the issues and potentially expedite the trial and resolution of this case on the merits.

**AND IT IS SO ORDERED.**

Signed: January 2, 2024

Graham C. Mullen
United States District Judge